**Dated: March 29, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID A. STEWART and | ) | Case No. 15-12215-JDL |
| TERRY P. STEWART, | ) | Ch. 7 |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | |
| | ) | |
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV No. 16-1117-JDL |
| | ) | |
| DAVID A. STEWART, TERRY P. | ) | |
| STEWART, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KIRKPATRICK BANK, | ) | |
| | ) | |
| Intervenor. | ) | |

**ORDER DENYING WAIVER OF LOCAL COUNSEL**

This matter comes before this Court on the *Motion for Relief from Local Bankruptcy Rule 9010-1 (G)(5)* filed by Plaintiff SEPH Holdings, LLC ("SEPH") (the "Motion") [Doc.121],

the *Response* filed by Defendants David A. Stewart and Terry P Stewart (the "Debtors") [Doc. 128] and the *Response* filed by Intervenor Kirkpatrick Bank [Doc. 129]. By its Motion, SEPH asks the Court to waive the requirement in Local Rule 9010-1(G)(5) that out-of-state attorneys admitted *pro hac vice* must associate with a qualified Oklahoma attorney who is a member of the bar of this court. For the reasons discussed below, SEPH's Motion is Denied.

## Background

This adversary proceeding is the latest piece of litigation between SEPH and Debtors going back almost a decade which resulted in SEPH being the petitioning creditor in a successful effort to put Debtors into involuntary bankruptcy. By this adversary proceeding SEPH seeks to add nine (9) entities to the original bankruptcy case relying upon a theory of substantive consolidation. These are entities in which the Debtor, David A. Stewart, acts in a managerial capacity, holds, or at one time held, an interest, or, in the case of a Trust, held an interest in the Trust res.

The underlying bankruptcy case was originally filed in the United States Bankruptcy Court for the Southern District of Alabama wherein SEPH was represented by Richard M. Gaal ("Gaal") of the firm of McDowell Knight Roedder & Sledge, LLC, in Mobile, Alabama. When the case was transferred to this Court in June, 2015 [Case No. 15-12215, Doc. 115], SEPH was initially represented by members of the Oklahoma City law firm of Crowe & Dunlevy, P.C.. Simultaneously with the filing of an Entry of Appearance by members of the Crowe & Dunlevy firm, they filed a *Motion for Admission Pro Hac Vice* seeking that Gaal be admitted as co-counsel for SEPH [Case No. 15-12215, Doc. 126]. On June 26, 2015,

the Court entered its *Order for Admission Pro Hac Vice* for Gaal to act as co-counsel for SEPH in the underlying bankruptcy which, pursuant to Local Rule 9010-1 (G)(4), also admitted Gaal *pro hac vice* in all adversary proceedings associated with the bankruptcy case. [Case No. 15-12215, Doc. 127]. Crowe & Dunlevy has continued to act as local co-counsel in the bankruptcy case to the present time.

This adversary proceeding was commenced by both Gaal and Crowe & Dunlevy filing SEPH*'s Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. § 105* on November 22, 2016 [Doc.1]. On February 14, 2017, the three Crowe & Dunlevy attorneys filed their *Motion for Leave to Withdraw as Counsel of Record for SE Property Holdings, LLC, in this Adversary Proceeding* [Doc. 119]. The stated reason for the Motion to Withdraw was "due to a potential conflict of interest." The Motion further stated that SEPH had consented to Crowe & Dunlevy's withdrawal; that Crowe & Dunlevy would continue to remain as co-counsel for SEPH in the bankruptcy case; and that Gaal would be simultaneously filing his motion to proceed to represent SEPH in the adversary proceeding without the necessity of local counsel. On the same date, February 14, 2017, Gaal filed the present Motion seeking permission from the Court for him to continue to represent SEPH in this adversary without local counsel. [Doc. 120].

## Discussion

Local Rule 9010-1(G)(5) provides: "An attorney appearing *pro hac vice* is required to associate with local counsel as required by LCvR 83.3 of the Local Rules of the United States District Court the Western District of Oklahoma." In turn, LCvR 83.3 entitled "Association of Local Counsel" provides, in pertinent part:

3

> (a) Responsibilities of Non-Resident Council. When representing a party in this Court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this Court.
>
> * * *
>
> (c) Relief from This Rule. Relief from this Rule is within the court's discretion upon motion establishing financial hardship, special qualifications of non-resident council, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules.

The requirement that out-of-state attorney's associate with local counsel serves three important purposes: (1) members of the local bar are familiar with the rules and customs of this Court and are expected to educate *pro hac vice* attorneys on, and enforce, those rules and customs; (2) members of the local bar of this Court are more readily available than *pro hac vice* attorneys for conferences and other matters that arise in the course of litigation, and (3) the Court looks to members of the local bar to serve as a liaison between it and *pro hac vice* attorneys and to ensure effective communications between the Court and *pro hac vice* attorneys. *Ingemi v. Pelino & Lentz, P. C.*, 866 F.Supp.156, 162 (D.N.J.1994) (cited with approval in *Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163, 1174-1175 (10th Cir. 2003)); *Mowrer v. Warner-Lambert Co.*, 1998 WL 512971 (E.D. Pa. 1998) ("Another purpose of the [local counsel] Rule appears to be predicated upon a notion that familiarity with local rules and procedures advances the goal of the efficient administration of justice.").

The Court does not question Gaal's legal ability or experience. As stated in his Motion, he has been engaged in the practice of bankruptcy for fifteen (15) years in

numerous jurisdictions, has represented SEPH or its predecessors for eleven (11) years and has been lead counsel in this bankruptcy litigation with the Debtors from its inception approximately two years ago.  He is an excellent lawyer and knows this case well.  Those factors, however, are not determinative as to whether he is entitled to a waiver of the local counsel requirement.  Rather, in the exercise of its discretion, this Court should weigh whether the strong public policy of having local counsel imposes a "particular hardship that would make compliance burdensome," *Crawford*, 2009 WL 1209262 (D. N.J. 2009), or otherwise demonstrates "good cause to excuse compliance," *Caliendo*, 2007 WL 1361258 (D. N.J. 2007).  The Court finds no such hardship, undue burden or good cause to excuse compliance.

    While Gaal in his Motion states that he could "by motion establish financial hardship, special qualifications or other good cause", no particular facts are set forth other than he is well-qualified and willing to comply with the Local Rules.  The Court does not find any plea by SEPH of "financial hardship" or that it does not have the financial resources to hire Oklahoma counsel to be particularly availing. SEPH is not a financially strapped or impoverished criminal or civil defendant; rather it is a sophisticated financial institutional creditor holding an approximately $20 million claim who has been involved in obviously costly litigation with Debtors for years.  On the one hand, having local counsel can increase litigation expenses if both local and out-of-state counsel are duplicating efforts.  On the other hand, having local counsel can substantially represent a cost savings as it saves travel time and expense for most routine in-court and logistical matters.  The Court would

5

expect that sophisticated counsel, as is present here, would be able to efficiently allocate work in the best economic interest of the client. Accordingly,

**IT IS ORDERED** that SEPH's Motion for Relief from Local Bankruptcy Rule 9010-1(G)(5) [Doc. 121] is **Denied**.

# # #