**Dated: August 17, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID A. STEWART and | ) | Case No. 15-12215-JDL |
| TERRY P. STEWART, | ) | Ch. 7 |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | |
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV No. 16-1117-JDL |
| | ) | |
| DAVID A. STEWART, TERRY P. | ) | |
| STEWART, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KIRKPATRICK BANK, | ) | |
| | ) | |
| Intervenor. | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS**

I. **Introduction**

This matter comes on for consideration upon the *Motion to Dismiss Amended Complaint and Brief in Support* filed by Intervenor, Kirkpatrick Bank ("Kirkpatrick"), on June

1, 2017 ("*Motion(s)*") [Doc. 150], the *Motion to Dismiss Amended Complaint with Brief in Support* filed on June 1, 2017 by the Defendants[1] (*"Motion(s)"*) [Doc. 151], *SE Property Holdings, LLC's Response to Defendants' Motion to Dismiss Amended Complaint and Brief in Support* filed by SE Property Holdings, LLC ("SEPH") on June 15, 2017 (the *"Response"*) [Doc. 154], *and SE Property Holdings, LLC's Response to Kirkpatrick Bank's Motion to Dismiss Amended Complaint* filed on June 15, 2017 (the "*Response*") [Doc. 155].

David A. Stewart and Terry P. Stewart (individually and collectively referred to as "Stewarts") are the Debtors in these related cases which are jointly administered. This adversary proceeding was commenced by SEPH's filing of its original *Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. § 105* on November 22, 2016. [Doc. 1]. By this adversary proceeding SEPH seeks to add eight (8) non-debtor entities (the "Non-Debtors") to the jointly administered case relying upon the theory of substantive consolidation. These are eight (8) entities in which Stewart acts in a managerial capacity, holds, or at one time held, an interest, or in the case of a Trust held an interest in the trust res. SEPH is not a creditor of any of the eight (8) Non-Debtors.

## II. Jurisdiction

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this adversary proceeding in this district is proper under 28 U.S.C. § 1409(a).

---

[1] The Defendants are Debtors David A. Stewart and Terry P. Stewart and non-debtors Raven Resources, LLC, Oklamiss Investments, LLC, NOG, LLC, OOG, LLC, NBV, LLC, Shimmering Sands Development Co., LLC, Leading Edges, LLC, Hughes Oil and Gas, LLC, and the Red Britt Irrevocable Trust. Leading Edges, LLC has since been dismissed as a defendant. [Doc. 162].

### III. The Previous Motion to Dismiss and Ruling

On January 29, 2017, Intervenor Kirkpatrick filed its *Motion to Dismiss Adversary Proceeding* [Doc. 104] arguing that the *Complaint* should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim asserting that substantive consolidation was not an appropriate cause of action against the Non-Debtors.[2] Specifically, Kirkpatrick contended that (1) the Court cannot invoke its equitable powers under 11 U.S.C. § 105 to establish jurisdiction over a non-debtor entity not in bankruptcy, (2) SEPH as a non-creditor of the Non-Debtors did not have standing to force the Non-Debtors' assets into Stewarts' bankruptcy estate, and (3) SEPH's failure to join indispensable parties, i.e. creditors of the Non-Debtors, constituted a denial of due process to such creditors compelling dismissal.[3] After the filing of a *Response* by SEPH, a *Reply* by Kirkpatrick and a *Sur-Reply* by SEPH, on May 3, 2017, the Court entered its *Memorandum Opinion and Order Granting Motion to Dismiss* (the "*Order*") dismissing SEPH's Complaint but granting SEPH fifteen (15) days from the date of the Order within which to file an amended complaint should it so choose. [Doc. 141].

In its *Order*, the Court reluctantly recognized that under very limited circumstances it had the discretion, to be exercised sparingly on a highly fact-specific case-by-case basis, to substantively consolidate a debtor's estate with non-debtors. To do so however, a party

---

[2] The Defendants did not move to dismiss the original Complaint, having filed their Answer prior to Kirkpatrick moving to be an Intervenor in the case.

[3] SEPH's Complaint also seeks injunctive relief against the Stewarts and the Non-Debtors prohibiting the transfer or encumbrance of properties owned by the Non–Debtors. If the Court determines that the Complaint fails to state a claim upon which relief can be granted the injunctive relief sought will also fail.

3

seeking to do so must show (1) a substantial identity between the entities (assets of the entities in question are "hopelessly co-mingled"), (2) consolidation is necessary to avoid some harm or to realize some benefit, (3) that if a creditor objects on the grounds that it relied on the separate credit of one of the entities to its prejudice consolidation may be ordered only if the benefits heavily outweigh the harm, and (4) that consolidation was for the benefit of all creditors and that benefits of consolidation outweigh any resulting harm to general creditors of the entities. [*Order*, Doc.141, pgs. 15-18]; *Helena Chemical Company v. Circle Land and Cattle Corporation (In re Circle Land and Cattle Corporation)*, 213 B.R. 870, 876 (Bankr. D. Kan. 1997); *In re Archdiocese of St. Paul and Minneapolis*, 553 B.R. 693 (Bankr. D. Minn. 2016).

The Court found that SEPH had alleged sufficient facts, accepted as true for motion to dismiss purposes, as to the alter ego or piercing-of-the-veil elements sufficient to disregard the separateness of the entities for substantive consolidation. However, the Court found that SEPH's conclusory allegations that "substantive consolidation would benefit all of the estates' creditors" failed to allege sufficient *facts* as to why or how the creditors of the Non-Debtors were benefitted, whether the creditors of the Non-Debtors were also creditors of Stewart, whether such creditors were relying upon the credit of Stewart or even who the creditors of the Non-Debtors were.[4] Accordingly, the Court dismissed the Complaint with leave for SEPH to amend. On May 18, 2017, SEPH timely

---

[4] The Court further found that if SEPH amended its Complaint to allege facts sufficient to withstand a motion to dismiss that due process required that some type of notice be given to the creditors of the Non-Debtor Defendants. The Court reserved for later decision the exact nature of the notice to be given, i.e. whether any such creditors should be joined as additional defendants or providing them with another form of notice by which they could decide if and how to protect their interests. [*Order*, Doc. 141, pgs. 22-23].

filed its *First Amended Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. §105* (the *"Amended Complaint"*) [Doc. 144].

### IV. The Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6)[5], a claim may be dismissed because of plaintiff's "failure to state a claim upon which relief can be granted".  The Court must evaluate the motion to dismiss to determine whether the complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised.  *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Barenberg v. Burton* (*In re Burton*), 463 B.R. 142 (10th Cir. BAP 2010) (unpublished).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. *Twombly*, 550 U.S. at 555.  As the Tenth Circuit has stated:

---

[5]All future references to "Rule", "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

> "To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.1955,167 L.Ed.2d 929 (2007). While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a *prima facie* case for each element, [but] is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193. "A claim has facial plausibility when the [pleaded] factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)."

*Cook v. Baca*, 512 Fed.Appx. 810, 821 (10th Cir. 2013); See also, *Lamar v. Boyd,* 508 Fed. Appx. 711 (10th Cir. 2013).

The Tenth Circuit has interpreted the "plausibility" requirement to mean "that if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible". *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief". *Id*. It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). The courts have the authority to "fully resolve any purely legal question" on the motion to dismiss and consequently, there is no "inherent barrier to reach the merits [claim] at the Rule 12(b)(6) stage." *Marshall County Health Care Authority v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

Generally, the sufficiency of a complaint must rest on its contents alone. See

*Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010); *Gossett v. Barnhart*, 139 Fed. Appx. 24, 24 (10th Cir. 2004) (unpublished) ("In ruling on a Rule 12(b)(6) motion to dismiss, the District Court is limited to the facts pled in the complaint."); *Carter v. Daniels*, 91 Fed. Appx. 83 (10th Cir. 2004) (unpublished) ("The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint.").

There are three limited exceptions to this general principle: (1) documents that the complaint incorporates by reference, see *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007); (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); and (3) "matters of which a court may take judicial notice," *Tellabs, Inc.*, 551 S.Ct. at 322; *Front Row Technologies, LLC v. NBA Media Ventures, LLC*, 163 F.Supp.3d 938 (D. N.M. 2016). Furthermore, the Court "may take judicial notice of its own files and records, as well as facts which are matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *In re Popple,* 532 B.R. 581, 585 (Bankr. M.D. Pa. 2015) (Bankruptcy court may take judicial notice of the docket events in a case and the contents of bankruptcy schedules . . . as well as other facts not reasonably in dispute.")*; In re Parkway Sales and Leasing, Inc.*, 411 B.R. 337 (Bankr. E.D. Tex. 2009).

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all

parties . . . are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). However, an exception to the general rule is that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. See *Grynberg v. Koch Gateway Pipeline Co.* 390 F.3d 1276, 1279 n. 1 (10th Cir. 2004); *Gallop Med Flight, LLC v. Builders Trust of New Mexico*,___F.Supp.3d___, 2017 WL 2266848 (D. N.M. 2017).

In the present case, in considering the *Motions* this Court has gone outside the face of the *Amended Complaint* to take judicial notice of the *Statement of Position of Legacy Reserves Operating, LP* ("Legacy") opposing consolidation. [Doc. 161]. As will be more fully discussed below, the *Statement of Position* has significant bearing in ruling upon the *Motions*. In the face of such a pleading, the Court could not have "accepted as true" for Rule 12(b)(6) purposes the allegations of the *Amended Complaint* that Legacy was supportive of, or at least not opposing, the request for substantive consolidation. Under the above authority, Court can consider Legacy's *Statement of Position* without converting the *Motions* to those for summary judgment.

### V. The New Allegations of the Amended Complaint[6]

In their *Motions*, Kirkpatrick and Stewart argue that the newly asserted allegations in the *Amended Complaint* still did not state a *prima facie* claim as to how substantive

---

[6] In its *Order* sustaining Kirkpatrick Bank's previous Motion to Dismiss, the Court dwelt at length with the elements of substantive consolidation and the restraint which courts must exercise in considering its application. The Court does not feel it necessary to restate all the applicable law on substantive consolidation in its previous *Order*; rather, it incorporates herein by reference its statement of the applicable law of substantive consolidation found in the *Order* [Doc.141, pgs. 14-21]. In the present Order the Court deals primarily with one element of substantive consolidation, the benefit to all creditors, which it permitted SEPH to replead in the *Amended Complaint*.

8

consolidation would benefit all creditors, both those of Stewart and the Non-Debtors, sufficient to pass Rule 12(b)(6) standards.[7]  As the Court's prior *Order* made clear, the movant for consolidation must allege equitable grounds exist for consolidation for the benefit of *all* creditors, both those of the current debtors and those to be forcibly made debtors. [Doc. 141, pgs. 18, 20]; *In re Circle Land & Cattle Corp.*, 213 B.R. 870, 875-876 (Bankr. D. Kan.1997); *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005); *In re Augie /Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2nd Cir. 1988).  The original Complaint did not allege who were the effected creditors, other than Kirkpatrick, whether they were also creditors of the Stewarts or the other Non-Debtors, how those creditors were benefitted or harmed by consolidation and whether the Non-Debtor creditors had any objection, consented or would consent to consolidation.  The *Amended Complaint* does nothing to answer these concerns in a way militating in favor of consolidation.

While the *Amended Complaint* contains various changes from the original Complaint, for purposes relevant as to whether SEPH has sufficiently pled how *all* creditors of the Non–Debtors are benefitted by consolidation the new allegations are primarily contained in ¶ ¶'s 105 -108.  In numerical ¶ 106 of the *Amended Complaint*, SEPH states that "[t]he only known creditor of the Non–Debtor Defendants other than Kirkpatrick, Legacy, would benefit from consolidation . . . (and) that Legacy has notified the Trustee of

---

[7]Kirkpatrick and Stewart (and the Stewart Non-Debtor Defendants) have analyzed a "red-lined" version of the *Amended Complaint* to compare the newly pled allegations with those in the original *Complaint* in support of their views as to whether the *Amended Complaint* has stated sufficient facts to survive the *Motions*.  Likewise, SEPH has analyzed the "red-lined" in its *Response*.

its desire to recover in the Debtor's bankruptcy proceedings . . . ."[8] Similarly, numerical ¶ 107 states that "the known creditors of the Stewart Entities either benefit from substantive consolidation (Legacy) or directly benefit from unfair preferential treatment without substantive consolidation (Kirkpatrick) . . ..". Shortly after SEPH filed its *Response* containing that allegation, Legacy filed its *Statement of Position of Legacy Reserves Operating, LP* refuting SEPH's claim:

> 6. Legacy does not believe that it is appropriate to substantively consolidate Raven into the Bankruptcy Case, as the recovery to creditors like Legacy, who hold claims solely against Raven, will be diluted to a meaningless amount by the large claims against other parties of the Plaintiff herein. Legacy did not bargain to compete with all of the Stewarts' personal creditors when it entered into transactions with Raven and should not now be forced to compete with those creditors for what will likely be an already limited pool of Raven assets.

[Doc. 161 ¶ 6].[9] Legacy holds a judgment in excess of $3.5 million. [Doc. 161 ¶ 1]. Thus, the only two known creditors of Raven, which is not a debtor of SEPH, together holding approximately $20 million in claims against Raven object to it being substantively consolidated into the Stewarts' bankruptcy. The objection by Legacy is highly significant, if not determinative. As stated in *Circle Land & Cattle Corp.*, 213 B.R. at 875-76, "Better, we think, to ask are any creditors going to be hurt by this consolidation and, if the answer to that is yes (or more properly, if the one seeking consolidation cannot prove the opposite), consolidation should be denied in almost every case." (citing 3 David G. Epstein,

---

[8] See also, *Response* [Doc. 155 ¶ 6].

[9] This *Statement of Position* by Legacy was apparently in response to SEPH's notifying "Legacy of its claims for substantive consolidation to allow Legacy an opportunity to be heard." [*Response*, Doc. 155 ¶8].

10

Et Al., §11-41 at 190 (1992)). The Court will not substitute SEPH's judgment as to what is in the best interest of Legacy over that of Legacy itself.

As to the only other creditor known to SEPH, Kirkpatrick, strenuously objects to substantive consolidation. SEPH's allegations in the *Amended Complaint* seek to negate Kirkpatrick's objection by alleging that Kirkpatrick will continue to receive "unfair preferential treatment without substantive consolidation." [*Amended Complaint*, Doc. 144 ¶ ¶ 's 105 (b) and 107]. This is a rather remarkable allegation considering the fact that Kirkpatrick is allegedly receiving such "preferential treatment" from the assets of its primary obligor, Raven, who is not a debtor of SEPH.

SEPH has also added allegations that Kirkpatrick colluded with Raven to violate the terms of this Court's injunction of January 5, 2017, by Raven's granting Kirkpatrick mortgages/security interests in Raven's assets without notice to the Court and SEPH. [*Amended Complaint*, Doc. 144 ¶ ¶'s 98 – 100]. SEPH contends that Raven consenting to the entry of a judgment against it in favor of Kirkpatrick prior to the Court's injunction and in violating the injunction "is an *equitable consideration* that support substantive consolidation even if Kirkpatrick is not better off following consolidation." (Emphasis added.). [*Response*, Doc. 155, pg.9]. In effect, SEPH argues that the punishment for its perceived misconduct of Raven and Kirkpatrick is a factor supporting the substantive consolidation of Raven.

Obviously, Kirkpatrick would not be better off following consolidation, but even more importantly other creditors of Raven and the Non-Debtor Defendants who had nothing to do with Kirkpatrick's alleged inequitable conduct, including Legacy, would similarly not be

better off following consolidation. Thus, even assuming the truth of the allegations of preferential or inequitable conduct on the part of Kirkpatrick, as a matter of law they do not support substantive consolidation.

If Raven violated the terms of the Court's injunction there are appropriate remedies against it, not Kirkpatrick who was not subject to the injunction, such as contempt and damages. This Court does not believe that it can invoke its broad equitable powers to impose the draconian remedy of substantive consolidation to the detriment of creditors of a non-debtor (or several non-debtors) as punishment for the misconduct of another creditor. Cf. *Law v. Siegel*, ___U.S.___, 134 S. Ct. 1188 (2014) (holding the Bankruptcy Code does not confer a "general, equitable power in bankruptcy courts to deny exemptions based on debtor's bad faith conduct."); *In re Grant*, 658 Fed. Appx. 411 (10th Cir. 2016) (bankruptcy court had no authority to deny lien avoidance motion on equitable grounds based on bad faith nature of debtor's conduct). To accept SEPH's argument that alleged misconduct by a non-debtor and its creditor is a basis for substantive consolidation would be to create a new element for substantive consolidation while ignoring the long-standing requirement that no harm be done to other creditors, here Legacy and others unknown. Here, consolidation would result in the claims of Legacy and those unnamed creditors of the Non-Debtors being diluted by SEPH's $30 million claim against the Stewarts.

By its previous *Order*, the Court was not requiring SEPH to *prove* facts demonstrating that substantive consolidation would benefit all creditors. It was requesting SEPH to allege *facts* supporting consolidation. SEPH has not, however, stated facts; rather, it has pled conclusory allegations which are either refuted by Legacy's *Statement*

*of Position* or by logic itself. SEPH acknowledges that "even though the pooling of liabilities can harm creditors, in this case the risk of such harm is outweighed by the risk to all interested creditors of the continued depletion of the pooled assets of the estates. . .." [*Amended Complaint*, Doc. 151 ¶ 108]. The assets of the Non–Debtors are not "assets of the estates", the pooled assets are those of the Non-Debtors. The creditors of the Non-Debtors, as demonstrated by the position of Legacy, would by obvious logic be harmed and would not consent to substantive consolidation as it is evident from their claims being diluted by the $30 million claim asserted by SEPH.

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the Court may deny leave where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County School District No. R-1 v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). An amendment to a complaint is futile only if the plaintiffs can prove no set of facts in support of their amendment that would entitle him to relief. *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056 (D. Colo. 2009). Denial of leave to amend is justified in denying a motion to amend if the proposed amendment cannot withstand a motion to dismiss. *Ketchum v. Cruz, M.D.*, 961 F.2d 916, 920 (10th Cir. 1992). The Court finds that SEPH's deficiency in failing to state facts entitling it to substantive consolidation cannot be rectified by further amendment. Accordingly,

**IT IS ORDERED** that the Motions to Dismiss of Kirkpatrick Bank, the Debtors and the Non–Debtor Defendants are hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the *Amended Complaint* is hereby dismissed with prejudice without leave to file a further amended complaint.

# # #