**Dated: November 17, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID A. STEWART and | ) | Case No. 15-12215-JDL |
| TERRY P. STEWART, | ) | Ch. 7 |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

_____

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV No. 16-1117-JDL |
| | ) | |
| DAVID A. STEWART, TERRY P. | ) | |
| STEWART, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KIRKPATRICK BANK, | ) | |
| Intervenor. | ) | |

**ORDER VACATING ORDER OF DISMISSAL
AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

**I. Introduction**

This matter comes on for consideration upon the *Motion to Alter, Amend, or Vacate*

*the Court's Order Dismissing Its First Amended Complaint* filed by SE Property Holdings, LLC ("SEPH") on August 23, 2017 (the "Motion") [Doc. 165], the *Objection to SEPH's Motion to Alter, Amend or Vacate* filed by Intervenor Kirkpatrick Bank ("Kirkpatrick") on September 20, 2017 [Doc. 174], the *Objection to SEPH's Motion to Alter, Amend or Vacate* filed by the Defendants on September 21, 2017 [Doc. 175], the *Reply to Kirkpatrick Bank's Response to SEPH's Motion to Alter, Amend or Vacate* filed by SEPH on October 10, 2017 [Doc. 181], the *Reply to the Stewart Defendants' Response to SEPH's Motion to Alter, Amend, or Vacate* filed on October 10, 2017 [Doc. 182] and *Kirkpatrick Bank's Sur-Reply to SEPH's Motion to Alter, Amend or Vacate* [Doc. 186] filed on October 22, 2017. The issue before the Court presented by SEPH's Motion is whether the Court should vacate its August 16, 2017, *Memorandum Opinion and Order Granting Motions to Dismiss ("Second Order")* [Doc. 163] by which the Court dismissed with prejudice SEPH's *First Amended Complaint* which sought substantive consolidation of the Debtors with eight (8) Defendant non-debtor entities in which Debtor, David Stewart, acts or acted in a managerial capacity, holds, or at one time held, an interest, or in the case of a Trust held an interest in the trust res.

## II. The Court's Prior Rulings on Kirkpatrick Bank's and Defendants' Motions to Dismiss

On January 29, 2017, Intervenor Kirkpatrick filed its *Motion to Dismiss Adversary Proceeding* [Doc. 104] arguing that the *Complaint* should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim asserting that substantive

2

consolidation was not an appropriate cause of action against the Non-Debtors.[1] Specifically, Kirkpatrick contended that (1) the Court cannot invoke its equitable powers under 11 U.S.C. § 105 to establish jurisdiction over a non-debtor entity not in bankruptcy, (2) SEPH as a non-creditor of the Non-Debtor Defendants did not have standing to force the Non-Debtor Defendants' assets into Stewarts' bankruptcy estate, and (3) SEPH's failure to join indispensable parties, i.e. creditors of the Non-Debtor Defendants, constituted a denial of due process to such creditors compelling dismissal.[2] After the filing of a *Response* by SEPH, a *Reply* by Kirkpatrick and a *Sur-Reply* by SEPH, on May 3, 2017, the Court entered its *Memorandum Opinion and Order Granting Motion to Dismiss* ("First Order") dismissing SEPH's *Complaint*, but granting SEPH fifteen (15) days from the date of the Order within which to file an amended complaint should it so choose. [Doc. 141].

In the First Order, the Court reluctantly recognized that under very limited circumstances it had the discretion, to be exercised sparingly on a highly fact-specific case-by-case basis, to substantively consolidate a debtor's estate with non-debtors. To do so, however, a party must show (1) a substantial identity between the entities (assets of the entities in question are "hopelessly co-mingled"), (2) consolidation is necessary to avoid some harm or to realize some benefit, (3) that if a creditor objects on the grounds that it

---

[1] The Defendants did not move to dismiss the original *Complaint*, having filed their *Answer* prior to Kirkpatrick moving to be an Intervenor in the case.

[2] SEPH's *Complaint* also seeks injunctive relief against the Stewarts and the Non-Debtors prohibiting the transfer or encumbrance of properties owned by the Non–Debtors. If the Court determines that the *Complaint* fails to state a claim upon which relief can be granted the injunctive relief sought will also fail.

3

relied on the separate credit of one of the entities to its prejudice consolidation may be ordered only if the benefits heavily outweigh the harm, and (4) that consolidation was for the benefit of all creditors and that benefits of consolidation outweigh any resulting harm to general creditors of the entities. [*Order*, Doc.141, pgs. 15-18]; *Helena Chemical Company v. Circle Land and Cattle Corporation (In re Circle Land and Cattle Corporation)*, 213 B.R. 870, 876 (Bankr. D. Kan. 1997); *In re Archdiocese of St. Paul and Minneapolis*, 553 B.R. 693 (Bankr. D. Minn. 2016).

In the First Order the Court found that SEPH had alleged sufficient facts, accepted as true for motion to dismiss purposes, as to the alter ego or piercing-of-the-veil elements sufficient to disregard the separateness of the entities for substantive consolidation. However, the Court found that SEPH's conclusory allegations that "substantive consolidation would benefit all of the estates' creditors" failed to allege sufficient *facts* as to why or how the creditors of the Non-Debtor Defendants were benefitted, whether the creditors of the Non-Debtor Defendants were also creditors of Stewart, whether such creditors were relying upon the credit of Stewart or even who the creditors of the Non-Debtor Defendants were.[3]  Accordingly, the Court dismissed the *Complaint* with leave for SEPH to amend.

On May 18, 2017, SEPH timely filed its *First Amended Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. § 105* (the *"Amended Complaint"*)

---

[3] The Court further found that if SEPH amended its *Complaint* to allege facts sufficient to withstand a motion to dismiss that due process required that some type of notice be given to the creditors of the Non-Debtor Defendants.  The Court reserved for later decision the exact nature of the notice to be given, i.e. whether any such creditors should be joined as additional defendants or providing them with another form of notice by which they could decide if and how to protect their interests. [*Order*, Doc. 141, pgs. 22-23].

[Doc. 144]. While the *Amended Complaint* made various changes from the original *Complaint*, for purposes relevant to the Court's finding in the First Order that SEPH had not sufficiently pled how *all* creditors of the Non–Debtor Defendants would be benefitted by consolidation SEPH alleged that "[t]he only known creditor of the Non–Debtor Defendants other than Kirkpatrick, Legacy, would benefit from consolidation . . . (and) that Legacy has notified the Trustee of its desire to recover in the Debtor's bankruptcy proceedings . . . ."[4] [Doc. 144 ¶ 106]. SEPH further alleged that "the known creditors of the Stewart Entities either benefit from substantive consolidation (Legacy) or directly benefit from unfair preferential treatment without substantive consolidation (Kirkpatrick) . . . ." [Doc. 144 ¶ 107].

The allegations in the *Amended Complaint* and in SEPH's *Response* clearly indicated to the Court that the only known creditor of the Non-Debtor Defendants other than Kirkpatrick was Legacy which was in favor of substantive consolidation. That was clearly not true. Shortly after SEPH filed its *Response* containing that allegation, on June 26, 2017, Legacy filed its *Statement of Position of Legacy Reserves Operating, LP,* refuting SEPH's claim:

> 6. Legacy does not believe that it is appropriate to substantively consolidate Raven into the Bankruptcy Case, as the recovery to creditors like Legacy, who hold claims solely against Raven, will be diluted to a meaningless amount by the large claims against other parties of the Plaintiff herein. Legacy did not bargain to compete with all of the Stewarts' personal creditors when it entered into transactions with Raven and should not now be forced to compete with those creditors for what will likely be an already limited pool of Raven assets.

---

[4] See also, *Response* [Doc. 155 ¶ 6].

[Doc. 161 ¶ 6].[5] Legacy held a judgment in excess of $3.5 million against Raven, a non-debtor defendant. [Doc. 161 ¶ 1]. Thus, the only two creditors of the Non-Debtor Defendants known to the Court at the time it was considering the Motion to Dismiss were Kirkpatrick and Legacy, together holding approximately $20 million in claims against Non-Debtor Defendants, and both of which objected to it being substantively consolidated into the Stewarts' bankruptcy.

On August 17, 2017, the Court entered the Second Order finding that SEPH had not stated a claim for substantive consolidation, primarily on the basis it did not, and could not, allege facts that substantive consolidation was to the benefit of all the creditors of the Non-Debtor Defendants when its only two creditors were opposing it. [Doc. 163]. The objection by Legacy to substantive consolidation was, in the Court's mind, "highly significant, if not determinative" in ruling that the Motions to Dismiss should be granted. [Doc. 163, pg. 10]. Furthermore, the Court found that even if Kirkpatrick had been guilty of inequitable conduct, as alleged by SEPH, other creditors, including Legacy, should not be punished by the Court imposing the draconian remedy of substantive consolidation.

### III. Assignment of the Legacy Judgment

While the Court had the Motions to Dismiss under consideration, on August 2, 2017, Legacy assigned its judgment and judgment liens to Kirkpatrick, thus making Kirkpatrick the only known major creditor of Raven. [Doc. 166, pgs. 26-28]. SEPH first learned of the assignment, which was filed of record in Oklahoma state court on August 7, 2017, on

---

[5] This *Statement of Position* by Legacy was apparently in response to SEPH's notifying "Legacy of its claims for substantive consolidation to allow Legacy an opportunity to be heard." [*Response*, Doc. 155 ¶8].

August 11, 2017. [Motion to Vacate, Doc. 165, pg. 11]. Without knowing of the assignment, on August 17, 2017, the Court entered the Second Order dismissing the case, largely upon the independent opposition of Legacy to substantive consolidation. The Court was "blind-sided" when, after rendering its decision, it learned of the assignment for the first time when SEPH filed its Motion to Vacate on August 23, 2017.

SEPH has moved to vacate the Second Order for the reason that the Court's ruling was based upon the incorrect assumption that Legacy, acting as an independent, innocent creditor, was opposing substantive consolidation. SEPH acknowledged that while Kirkpatrick and Legacy had both opposed substantive consolidation before the assignment, the Second Order's dismissal of the case had also been based upon the Court's finding that an innocent creditor like Legacy should not be punished for the alleged inequitable conduct of Kirkpatrick.[6] That rationale was based upon a false assumption that no longer supports the Court's ruling since the alleged wrongdoer, Kirkpatrick, has now succeeded to the position of Legacy, and there is no longer any innocent creditor (at least none having been disclosed to the Court at the time of its decision) to worry about being harmed by substantive consolidation. SEPH thus seeks to have the Court vacate, alter or amend the Second Order pursuant to Fed.R.Bankr.P. 9023, which incorporates Fed.R.Civ.P 59(e)

---

[6] Much of the argument in support of and in opposition to the Motions to Vacate concern the alleged inequitable conduct on the part of Kirkpatrick. While the Court in the Second Order did indicate that Legacy was an innocent creditor that should not be punished by substantive consolidation for any conduct on the part of Kirkpatrick, the Court was not inferring that Kirkpatrick's alleged wrongdoing could be a basis for substantive consolidation. Whether equitable subordination is appropriate these facts is to be based upon the factors which this Court has previously enunciated in *In re Stewart, 571 B.R. 460 (Bankr. W.D. Okla. 2017)*. The alleged inequitable conduct on the part of Kirkpatrick is the subject of another adversary proceeding brought by SEPH against Kirkpatrick seeking equitable subordination of any claim of Kirkpatrick under the provisions of 11 U.S.C. § 510. That is the only forum in which such conduct may be relevant.

based upon the "newly discovered evidence" of the Legacy assignment.[7]

A court should grant a motion under Rule 59(a)(2) only "to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Waugh v. Williams Companies, Inc. Long Term Disability Plan*, 323 Fed. Appx. 681, 684 (10th Cir. 2009); *Lyons v. Jefferson Bank & Trust*, 793 F.Supp. 989, 991 (D. Colo. 1992); *aff'd*, 994 F.2d 716 (10th Cir. 1993). In order to vacate an order of the court or to obtain a new trial based on newly discovered evidence, the moving party must show that (1) the evidence was newly discovered since the trial; (2) he was diligent in discovering the evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence would have been material; and (5) a new trial with this newly discovered evidence would probably produce a different result. *Joseph v. Terminix Int'l Corp.,* 17 F.3d 1282, 1285 (10th Cir. 1994) (citing *Graham v. Wyeth Laboratories*, 906 F.2d 1399, 1416 (10th Cir.), *cert. denied,* 498 U.S. 981, 111 S.Ct. 511 (1990)). It is well settled that a motion for new trial based upon newly discovered evidence is addressed to the sound discretion of the trial court. *United States v. Jordan*, 806 F.3d 1244 (10th Cir. 2015); *United States* v. Steel, 458 F.2d 1164 (10th Cir. 1972).

The Court finds that SEPH, learning of the Legacy assignment on August 11, 2017, after the Motions to Dismiss had been fully briefed and submitted to the Court for decision, and filing its Motion to Vacate twelve (12) days later, acted diligently to bring this matter to

---

[7] The Court views SEPH's Motion equivalent to that of a motion for "reconsideration". The Federal Rules do not expressly recognize motions for "reconsideration". *Hatfield v. Board of County Commissioners For Converse County*, 52 F.3d 858 (10th Cir. 1995). Instead, such motions are treated typically as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgments or orders under Rule 60(b) depending on the date it is filed. "If the motion is served within twenty-eight (28) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If a motion is served after that time, it falls under Rule 60(b)." *Hatfield,* 52 F.3d at 861; *In re Lozada Rivera*, 470 B.R. 109, 112 (Bankr.D. P.R. 2012).

the Court's attention. The Court also finds, as is evidenced by the Court's language in the Second Order, that the newly discovered Legacy assignment was material to its decision. The Court cannot say with absolute certainty that knowledge of the Legacy assignment would have produced a different result, but at the very least it would have changed the basis for the Court's decision. The Court cannot countenance having issued, and letting stand, an opinion and order based upon facts which it now knows did not exist. Accordingly, the Second Order will be vacated. That ruling by itself, however, does not determine whether the case should be dismissed or that the Motions to Dismiss should be overruled. Further analysis is required.

It may well be, as urged by Kirkpatrick and the Debtors, that both Legacy and Kirkpatrick had opposed substantive consolidation, and Kirkpatrick taking the Legacy debt by assignment doesn't change that fact. Both major creditors of the Non-Debtor Defendants opposed substantive consolidation, and now that the debt of Kirkpatrick and Legacy has merged that opposition remains. If it were true, as often stated in prior pleadings, that Kirkpatrick and Legacy were the only known creditors of the Non-Debtor Defendants, the Court would be inclined to still dismiss the case because SEPH could not show that the remaining non-debtor creditor (Kirkpatrick) would be benefitted by substantive consolidation. However, the pleadings of the Defendants and Kirkpatrick in opposition to the Motions to Vacate now indicate that there are, in fact, numerous creditors of Raven and Oklamiss Investments, LLC, in addition to Kirkpatrick and Legacy. The *Objection to SEPH's Motion to Alter, Amend, or Vacate* filed by the Defendants has attached as exhibits the accounts payable lists of Raven and Oklamiss. [Docs. 175-2, 175-2]. The account payables of Raven total approximately $3.1 million and those of Oklamiss approximately $556,000. Additionally, Raven has over $1.9 million of joint interest billings

9

it has paid to the operators of numerous oil and gas wells in which it has a working interest. [Doc. 175-1]. The existence of and the benefit to these creditors of substantive consolidation had not been previously before the Court.

SEPH's *Amended Complaint* alleges that "the only creditor with the exception of Kirkpatrick of which SE Properties is aware, would benefit from substantive consolidation." [Doc. 144 ¶ 106]. The *Amended Complaint* further alleged that "the unknown creditors of the Stewart Entities should be given the opportunity to be identified and heard in this action for substantive consolidation so as to protect themselves from further harm by the concerted efforts of the Debtors, the Stewart Entities, and Kirkpatrick." [Doc 144 ¶ 107]. Now that the identity of numerous other creditors of Raven and Oklamiss have been identified, in order to survive a Rule 12(b)(6) motion to dismiss it is incumbent upon SEPH to plead facts alleging how these now-identified creditors will be benefitted, or at least not harmed, by substantive consolidation.[8] As currently pled, the *Amended Complaint* is deficient in that regard. Accordingly,

**IT IS ORDERED** that the *Motion to Alter, Amend, or Vacate the Court's Order*

---

[8] When the Court was advised as to the identity of the numerous other creditors of Raven and Oklamiss it was initially inclined to sustain the Defendants' and Kirkpatrick's Motions to Dismiss. The Court does not feel that it can properly do so since its decision on a motion to dismiss is restricted to the allegations on the face of the complaint. The identity of the other creditors is revealed outside the complaint (contained in the Responses of the Defendants and Kirkpatrick). The Court then considered converting the Motions to Dismiss to one for summary judgment as is entitled to do so. *Lowe v. Town of Fairland, Oklahoma,* 143 F.3d 1378, 1381 (10th Cir. 1998); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). That avenue, however, was precluded by the fact that summary judgment must be based on "admissible evidence". The accounts payable and vendors list indicating the other creditors is not properly identified under the Federal Rules of Evidence so as to constitute admissible evidence for consideration by this Court in rendering a possible summary judgment. *In re Harris*, 209 B.R. 990, 996 (10th Cir. BAP 1997) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P. 56(e)] and the affiant must be a person through whom the exhibits could be admitted into evidence.' This court has consistently held the documents which it have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.").

*Dismissing Its First Amended Complaint* filed by SE Property Holdings, LLC [Doc. 144] is hereby **Granted**;

**IT IS FURTHER ORDERED** that *Memorandum Opinion and Order Granting Motions to Dismiss ("*Second Order*")* [Doc. 163] dismissing this case with prejudice be and the same is hereby **Altered and Amended** so as to dismiss SEPH's *First Amended Complaint* [Doc. 144] without prejudice and granting it fifteen (15) days from the entry of this Order, should it so choose, to file a second amended complaint with allegations consistent with requirements of this Order.

# # #